Argued February 9; affirmed March 16, 1937

# BERG *v.* TRU BLU BISCUIT CO. ET AL.

(65 P. (2d) 1047)

*Frank C. Howell* (Wilbur, Beckett, Howell & Oppenheimer on brief), of Portland, for appellant.

*W. H. Maguire* (with Dey, Hampson & Nelson and J. C. Dezendorf on brief), of Portland, for garnishee and respondent.

KELLY, J. On March 21, 1929, the Oregon Automobile Insurance Company issued its policy of insurance to George R. Hardie and/or Tru Blu Biscuit Company, which, among other things, provided indemnity against

"liability arising from the legal liability of the assured to others, excluding employees in the service of the assured, for bodily injuries accidentally sustained, including death at any time resulting therefrom, on account of any accident due to the ownership, maintenance or use of the insured automobile."

Said insured automobile was a 1929 model, light delivery Ford.

This policy, by its terms, would have expired at noon March 21, 1930, but on the 11th day of March, 1930, it was renewed for one year, and on the 3rd day of March, 1931, it was renewed for another year.

On July 1, 1931, plaintiff, Berg, received certain personal injuries, while the driver of said insured automobile and an assistant were opening a door in the sidewalk preparatory to entering the basement of a building in order to unload said automobile. On September 17, 1931, plaintiff Berg instituted this action against the assured, Hardie and Tru Blu Biscuit Company as well as against two other defendants. The case came on for trial on November 15, 1932, and resulted in a judgment in favor of plaintiff and against said Hardie and Tru Blu Biscuit Company for $7,500, and costs and disbursements taxed at $59.80, said judgment being dated and entered on the 25th day of November, 1932.

One of the questions presented here is whether said judgment has been paid. If paid, no execution could issue thereon and the garnishment proceedings based upon such purported execution were properly dismissed.

It clearly appears that on the date of the accident wherein plaintiff was hurt, July 1, 1931, for sometime theretofore and at the date of the trial of this case, the capital stock of the Tru Blu Biscuit Company was owned or held by assignment by the Loose-Wiles Biscuit Company of New York. The Tru Blu Biscuit Company was organized in the state of Washington.

On September 1, 1931, the Loose-Wiles Biscuit Company, a California corporation, was organized. On September 18, 1931, it executed its declaration of intention to do business in Oregon. On September 26, 1931, it filed said declaration with the corporation commissioner of the state of Oregon, and on October 15th, it took over all of the assets of the Tru Blu Biscuit Company and assumed and agreed to pay its debts and liabilities to the extent of $49,679.13 as of June 30, 1931. Nine thousand seven hundred and seventy-one shares of the capital stock of the said California corporation, known as the Loose-Wiles Biscuit Company, were owned by the New York corporation of the same name and the remaining one hundred shares were owned by the Tru Blu Biscuit Company, the capital stock of which, as stated, was owned by the New York corporation.

On the 10th day of December, 1931, the Tru Blu Biscuit Company executed a certificate of withdrawal from doing business in the state of Oregon, and on the 11th day of December, 1931, filed the same with the corporation commissioner.

On February 16, 1932, plaintiff Berg for and in consideration of the sum of $7,659.80 executed a purported assignment to the Loose-Wiles Biscuit Company of California, of said judgment obtained by him, against said Tru Blu Biscuit Company and George R. Hardie.

We think that this was actually a payment and discharge of said judgment. The learned trial judge so found and in our opinion the record supports that finding.

We are impressed with the position assumed by the Loose-Wiles Biscuit Company, appellant herein, in its reply brief. We quote from page 21 thereof:

"But let this be said, the judgment of Berg was paid and it was paid by the plaintiff, the Loose-Wiles Biscuit Company of California. It has been argued that he was paid either because of the trust fund rule or the agreement between the parties but we do not see that it is material why or how he was paid. It was right and just and equitable that the judgment of Berg should be paid. The respondent, Oregon Automobile Insurance Company, refused to pay it and still refuses to pay it and the respondent now argues that Berg's judgment was irregularly paid."

In view of the foregoing statement of appellant, it is unnecessary to say more. The fact stands admitted that the judgment in suit was paid. Having been paid, it affords no support for garnishment proceedings.

The order and judgment of the circuit court is affirmed.

BEAN, C. J., and ROSSMAN and BELT, JJ., concur.